**EOD**

03/03/2025

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| STEVEN CLARENCE WILHELMS | § | Case No. 23-40053 |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| EBE, INC., D/B/A EBE TECHNOLOGIES | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adv. No. 23-04023 |
| | § | |
| STEVEN CLARENCE WILHELMS | § | |
| | § | |
| Defendant | § | |

## <u>MEMORANDUM OF DECISION</u>

On this date the Court considered "EBE, Inc.'s Motion for Summary Judgment

with Brief in Support and Notice of Opportunity for Hearing" (the "Motion") filed by

EBE Inc., d/b/a EBE Technologies, ("EBE" or "Plaintiff") on January 8, 2024, together

with the related Response filed by Steven Wilhelms ("Defendant" or "Debtor") on

January 25, 2024, and Reply filed by Plaintiff on February 19, 2024.  Plaintiff asks this

Court to enter summary judgment that a judgment debt owed by Defendant is

nondischargeable under 11 U.S.C. § 523(a)(2)(A) for false pretenses, false

representations, or actual fraud, and under 11 U.S.C. § 523(a)(4) for fraud or defalcation

while acting in a fiduciary capacity and embezzlement.  After consideration of the

pleadings, proper summary judgment evidence, and the relevant legal authorities the

Court concludes that genuine issues of material fact remain.  For the reasons explained in

this memorandum, Plaintiff's Motion should be denied.

## I.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and

157(a).  This Court has authority to enter final orders in this adversary proceeding

because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §

157(b)(2)(A) and (I), and meets all constitutional standards for the proper exercise of full

judicial power by this Court.

## II.  Facts and Procedure[1]

Plaintiff, EBE, Inc., is an Iowa corporation with its principal place of business in

East Moline, Rock Island County, Illinois, engaged in the business of developing business

processing work flows, business management, and document imaging solutions software

for the trucking logistics and warehousing industries.

On October 1, 2017, EBE employed Steven Wilhelms as Executive Vice President

of Safety and Risk Management Services according to an "Employment, Confidentiality,

Non-Solicitation, and Non-Compete Agreement" executed by the parties.[2]  As such,

Defendant was responsible for building client relationships, expanding EBE's safety

---

[1] These facts are presented only as a general factual background to the legal claims asserted in
the case.  This section is not intended to resolve any disputed or contested facts.

[2] Mot., ECF No. 20, Ex. 1.

modules adoption, and securing new clients.[3]  A year later on September 17, 2018, the

parties executed a new employment agreement and Defendant was given the additional

role of Executive Vice President and Chief Operating Officer for InfoStream Solutions,

with a salary increase from $100,000 to $150,000.[4]  InfoStream Solutions was a division

of EBE, and Defendant was responsible for growing InfoStream and enhancing its market

share.  Defendant's relationship with his employer deteriorated and eventually ended.

On June 30, 2020, EBE sued Defendant state court in Illinois for breach of

contract, breach of fiduciary duty, tortious interference with business expectancy,

violation of the Illinois Deceptive Trade Practices Act, and injunctive relief (the "Illinois

State Court Lawsuit").[5]  EBE alleged that during Defendant's employment, he engaged in

a pattern of fraudulent and tortious conduct designed to enrich himself and deprive EBE

of revenue and business development.[6]  Defendant answered *pro se* on December 15,

2020.[7]

On January 20, 2021, EBE served "Requests to Admit" on Defendant.[8]  On

February 18, 2021, Defendant emailed unsworn responses to EBE's counsel answering

---

[3] *Id.*

[4] Mot., ECF No. 20, Ex. 2 at 4.

[5] Mot., ECF No. 20, Ex. 3.

[6] *Id.*

[7] Mot., ECF No. 20, Ex. 4.

[8] Mot., ECF No. 20, Ex. 5.

the Requests to Admit.[9]  EBE filed a summary judgment motion against Defendant on

May 11, 2021 and argued under Illinois law that Defendant's unsworn response equated

to a failure to respond meaning the admissions should be deemed admitted.[10]  A hearing

was held December 2, 2021 at which both parties appeared and presented evidence.[11]  A

final judgment was entered against Defendant on January 25, 2022.[12]  No specific

findings were included in the judgment but EBE was awarded damages of $259,026.39,

plus attorneys' fees and expenses in the amount of $8,872.02.[13]  EBE then sought to

collect on its judgment by domesticating it in Oklahoma, the location of Defendant's

employer, and then seeking a writ of garnishment against him.

Defendant filed his voluntary petition for relief under Chapter 7 in this Court on

January 5, 2023 (the "Main Case").[14]  Plaintiff filed this dischargeability proceeding on

---

[9] Mot., ECF No. 20, Ex. 6.

[10] Mot., ECF No. 20, Ex. 7.

[11] Mot., ECF No. 20, Ex. 4.

[12] Mot., ECF No. 20, Ex. 9.

[13] *Id.*

[14] Case No. 23-40053, ECF No. 1.

March 28, 2023.[15]  After discovery, Plaintiff filed its Motion seeking summary judgment

on January 8, 2024.[16]  Defendant timely filed a response.[17]

### III. Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986)

(quoting FED. R. CIV. P. 56(c)).  Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56 so

as to apply to adversary proceedings.  Thus, if summary judgment is appropriate, the

Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of

the basis for its motion and producing evidence which it believes demonstrates the

absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The manner in

which the necessary summary judgment showing can be made depends upon which party

will bear the burden of proof at trial.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077

n.16 (5th Cir. 1994).  "A fact is material only if its resolution would affect the outcome of

the action."  *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009);

---

[15] Compl., ECF No. 1.

[16] Mot., ECF No. 20.

[17] Resp., ECF No. 21.

*see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). "All

reasonable inferences must be viewed in the light most favorable" to the nonmoving

party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana*

*Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus.*

*Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). An actual controversy of fact

exists where both parties have submitted evidence of contradictory facts.

*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

Courts may accept the moving party's version of the facts as undisputed. *Alvarez*

*v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on

other grounds); cf. *F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6

(5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the

contents of a conclusory affidavit as true if they are unchallenged). This comports with

the notion that courts need not hunt through the record searching for a genuine issue of

material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998);

*Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989). Once the

movant has met its burden, the nonmovant may not rest upon allegations in the pleadings

and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc*., 485 F.3d 253,

261 (5th Cir. 2007). The court does not, "in the absence of any proof, assume that the

nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp*., 37

F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888

-6-

(1990)).  The nonmovant must evince more than "some metaphysical doubt as to the

material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986).  If the nonmoving party were to present these factual disputes at trial, they must

be such that a rational fact finder might find in favor of the nonmoving party.  *Id*. at 587.

### IV. Discussion

Under the standards enumerated, the Court finds genuine issues of material fact

exist warranting trial on the merits and denial of the Motion.

### A.        Collateral Estoppel

Plaintiff's relies on the doctrine of collateral estoppel, and argues that "issues

established in the Illinois lawsuit, which Wilhelms is precluded from challenging, warrant

a finding from this Court that Wilhelms's debt to EBE for the state court judgment is

excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and (4)."[18]  Defendant disputes

that collateral estoppel should be applied.

Collateral estoppel, also called issue preclusion, is a relevant doctrine where

factual issues in a case may have been determined in a prior case.  Applying the doctrine

means if "an issue of ultimate fact has been determined by a valid and final judgment, that

issue cannot again be litigated between the same parties in any future lawsuit." *Simmons*

*v. Bohana (In re Bohanna*), Adv. No. 18-4065, 2019 WL 7580173 at *9 (Bankr. E.D.

Tex. Nov. 15, 2019) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)).  In the context

---

[18] Mot., ECF No. 20, 1.

of bankruptcy dischargeability cases, "parties may invoke collateral estoppel in certain

circumstances to bar relitigation of issues relevant to dischargeability."[19]  *Simmons*, 2019

WL 7580173, at *9 (quoting *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir.

2005)).  "While the doctrine of issue preclusion applies in bankruptcy dischargeability

litigation, a bankruptcy court retains exclusive jurisdiction to determine whether a debt is

dischargeable." *Simmons*, 2019 WL 7580173, at *10 (citing *Grogan v. Garner*, 498 U.S.

279, 284 n. 11 (1991)); *In re Huffman*, No. 16-10344, 2017 WL 4621703, at *5 (Bankr.

E.D. Tex. Oct. 13, 2017); *Simpson & Co. v. Shuler (In re Shuler)*, 722 F.2d 1253, 1255

(5th Cir. 1984).

　　　Federal courts apply the preclusion law of the court that rendered the judgment.

*Miller v. J. D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998), *cert. denied*,

526 U.S. 1016 (1999) (citing 28 U.S.C. § 1738 (full faith and credit statute)); *Matsushita*

*Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996) (additional citations omitted).  "If

collateral estoppel applies, any relevant factual findings (i.e., related to the required

elements for nondischargeability) regarding the actions of the [Defendant] in this

common set of operative facts upon which the state court judgment is based should not be

disturbed here." *Short v. Long (In re Long)*, No. 17-60401, 2018 WL 1577894, at *3

(Bankr. E.D. Tex. Mar. 28, 2018).  Rather, "[t]he Court applies those findings to the

---

[19] While *Brown v. Felsen* concerned res judicata, the Supreme Court noted that if a state court,
"[i]n the course of adjudicating a state-law question," determines "factual issues using standards identical
to those of [§ 523], then collateral estoppel...would bar relitigation of those issues in the bankruptcy
court." *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979).

required elements for nondischargeability to ascertain what factual issues, if any, remain."
*Id*.

Because the pertinent judgment was entered in an Illinois state court, this Court applies Illinois law concerning issue preclusion. Under Illinois law, the "minimum threshold requirements" for issue preclusion are that, in the initial lawsuit, (1) the issue decided was identical to the current issue, (2) there was a final judgment on the merits, and (3) the party against whom estoppel is asserted in the current suit was a party, or a person in privity with the party. *Nowak v. St. Rita High Sch.*, 197 Ill. 2d 381, 390 (2001) (citations omitted). Even if "the threshold elements of the doctrine are satisfied," the equitable doctrine will not be applied unless the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the first action, and "it is clear that no unfairness results to the party being estopped." *Id.* at 391. The Court must "balance the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case. In determining whether a party has had a full and fair opportunity to litigate an issue in a prior action, those elements which comprise the practical realities of litigation must be examined." *Id*.

Plaintiff argues the requirements for application of Illinois issue preclusion are met because the Illinois State Court Lawsuit involved the same parties, the underlying issues are the same ones presented in this adversary proceeding, those issues were "fully and fairly litigated," and a final judgment on the merits was entered. Though Defendant was

*pro se* in the Illinois State Court Lawsuit, Plaintiff asserts he had a "full and fair

opportunity" to contest the issues because he filed an answer and a dispositive motion,

attempted to respond to discovery, and appeared at a hearing where he gave testimony

and cross-examined witnesses.

Defendant's opposing argument focuses on the evidence submitted with Plaintiff's

Motion, most importantly Defendant's alleged failure to respond to requests for

admission under Illinois law.  Defendant responded to the requests for admission, but his

*pro se* response were not sworn before a notary.  This is important because Illinois

Supreme Court Rule 216 permits parties to request admission or denial of "the truth of

any specified relevant fact" set forth in such a request.  Ill. Sup. Ct. R. 216(a).  Failure to

respond as set forth in the rule can mean these facts are deemed admitted against the

responding party.[20]  However, in Illinois it is impermissible to use a request for admission

to seek admission of conclusions or opinions of law.  *People v. Mindham*, 253 Ill. App.

3d 792, 798 (2d Dist. 1993).  The rule also does not apply to admission of  "ultimate

facts," meaning those which are contested facts needed to establish one's case or defense.

*P.R.S. Intern., Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 236 (1998).  It appears to this

---

[20] Illinois Supreme Court Rule 216(c) states in relevant part:

> Each of the matters of fact and the genuineness of each document of which admission is
> requested is admitted unless, within 28 days after service thereof, the party to whom the
> request is directed serves upon the party requesting the admission either (1) a sworn
> statement denying specifically the matters of which admission is requested or setting
> forth in detail the reasons why the party cannot truthfully admit or deny those matters or
> (2) written objections on the ground that some or all of the requested admissions are
> privileged or irrelevant or that the request is otherwise improper in whole or in part.

Court that the admissions sent by Plaintiff fall into either or both of these two

categories.[21]  In addition, Illinois Supreme Court Rule 2016 states that an admission by a

party " . . . is for the purpose of the pending action" and "does not constitute an admission

by him for any other purpose and may not be used against him in any other proceeding."[22]

Further, the evidence provided by Plaintiff fails to explain the reasoning of the

Illinois State Court in granting final judgment.[23]  The final judgment contains no

explanation of what facts were determined or relied on, nor indeed whether the

admissions requests were determinative.  For collateral estoppel to apply in a bankruptcy

court, the first court must have "made specific, subordinate, factual findings on the

identical dischargeability issue in question–that is, an issue which encompasses the same

*prima facie* elements as the bankruptcy issue–and the facts supporting the court's findings

are discernable from that court's record."  *Margolis v. Hensley (In re Hensley)*, 551 B.R.

792, 801 (E.D. Tex. 2015) (citing *Matter of Dennis*, 25 F.3d at 277-78).  Neither of those

requirements are present here.  There are insufficient "discernable" facts in the record

presented by Plaintiff to indicate that the state court's final judgment contained "specific

findings" on an identical dischargeability issue before both the Illinois state court and this

Court, which include actual fraud, breach of fiduciary duty, and embezzlement.

---

[21] Mot., ECF No. 20, Ex. 5.

[22] Ill. Sup. Ct. R. 216(e).

[23] Mot., ECF No. 20, Ex. 4, 5, 6, and 9.

Thus, genuine issues exist because the record is unclear whether any of the issues decided meet the requirements for nondischargeability under 11 U.S.C. §§ 523(a)(2) or (a)(4).  *See e.g. Pancake v. Reliance Ins. Co. (Matter of Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997) (finding that record before court failed to demonstrate state court conducted hearing in which the defendant "received a full and fair adjudication on the issue of fraud").  The Fifth Circuit has previously stated that "the determination of whether a debt is nondischargeable under [§ 523] has been a matter of federal bankruptcy law, not state law."  *Matter of Dennis*, 25 F.3d 274, 277 (5th Cir. 1994).  The Fifth Circuit has noted that it is only in "limited circumstances" that "bankruptcy courts  [may] defer to the doctrine of collateral estoppel and thereby ignore Congress' mandate to provide plenary review of dischargeability issues."  *Id*. at 278.  Neither the judgment nor Plaintiff's evidence answers conclusively whether issues of nondischargeability were fully and fairly litigated in the Illinois State Court Lawsuit.  This Court cannot rely on collateral estoppel to decide nondischargeability as presented in the Motion.

### B.    11 U.S.C. § 523(a)(2)(A): False Pretenses, False Representations, or Actual Fraud

Plaintiff contends Defendant owes a debt which should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A) as a debt obtained by false pretenses, false representation, or actual fraud.  The Bankruptcy Code states:

"A discharge under § 727 of this title does not discharge an individual debtor from any debt for money, property or services...to the extent obtained by false pretenses,

-12-

false representation, or actual fraud, other than a statement respecting the debtor's
or an insider's financial conditions."

11 U.S.C. § 523(a)(2)(A).  This subsection encompasses similar yet distinct causes of

action.  The Fifth Circuit has distinguished the elements of "actual fraud" and "false

pretenses and false representations."  *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1291

(5th Cir. 1995), *overruled on other grounds as recognized by Husky v. Ritz (Matter of

Ritz)*, 832 F.3d 560, 565 n.3 (5th Cir. 2016).  Plaintiff's Motion seeks summary judgment

under both components of § 523(a)(2)(A) against Defendant.

    To obtain a judgment of nondischargeability for false representation or false

pretenses, a creditor must demonstrate that a debtor made: (1) knowing and fraudulent

falsehoods; (2) describing past or current facts; (3) that were relied upon by the other

party.  *Wright v. Minardi (In re Minardi)*, 536 B.R. 171, 187 (Bankr. E.D. Tex. 2015)

(citing *Allison v. Roberts (Matter of Allison)*, 960 F.2d 481, 483 (5th Cir. 1992)).  False

pretenses and false representations "both involve intentional conduct intended to create or

foster a false impression."  *FNFS, Ltd. v. Harwood (In re Harwood)*, 404 B.R. 366, 389

(Bankr. E.D. Tex. 2009).  A false representation, however, "involves an express

statement, while a claim of false pretenses may be premised on misleading conduct

without an explicit statement."  *Wright*, 536 B.R. at 187.  To succeed under §

523(a)(2)(A), the creditor must prove an intent to deceive.  *Friendly Fin. Service -

Eastgate v. Dorsey (In re Dorsey)*, 505 F.3d 395, 399 (5th Cir. 2007).  A court may infer

the requisite intent from a "reckless disregard for the truth or falsity of a statement

-13-

combined with the sheer magnitude of the resultant misrepresentation." *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005); *see also In re Miller*, 39 F.3d 301, 305 (11th Cir. 1994) (considering the totality of the circumstances to determine the debtor's intent).

The Fifth Circuit has stated that actual fraud under § 523(a)(2)(A) may be proven by showing: (1) the debtor made a representation; (2) the debtor knew that the representation was false at the time it was made; (3) the debtor made the representation with the intent and purpose to deceive the creditor; (4) the creditor relied on the representation; and (5) the creditor sustained a loss as the proximate result of its reliance on the representation. *Selenberg v. Bates (Matter of Selenberg)*, 856 F.3d 393, 398 (5th Cir. 2017); *see also Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005). Despite these elements of actual fraud, the Supreme Court has ruled that "[t]he term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Husky Intern. Electronics, Inc. v. Ritz*, 578 U.S. 356, 359 (2016). Though it declined to adopt a definition of actual fraud for all times and circumstances, the Supreme Court did state that "'[a]ctual fraud' has two parts: actual and fraud." *Id.* at 360. For fraud to be actual, plaintiffs must make a showing of wrongful intent on the part of the defendant. *Id.* Specifically, the Supreme Court described this idea as follows:

-14-

> The word "actual" has a simple meaning in the context of common-law fraud: It denotes any fraud that "involv[es] moral turpitude or intentional wrong." *Neal v. Clark*, 95 U.S. 704, 709, 24 L.Ed. 586 (1878). "Actual" fraud stands in contrast to "implied" fraud or fraud "in law," which describe acts of deception that "may exist without the imputation of bad faith or immorality." *Ibid*. Thus, anything that counts as "fraud" and is done with wrongful intent is "actual fraud."

*Id*. This intent can be inferred from circumstantial evidence. *Caspers v. Van Horne (In re Van Horne)*, 823 F.2d 1285, 1287–88 (8th Cir. 1987) (abrogated on other grounds). As with false pretenses or representations, reckless indifference to the truth can in some situations constitute a sufficient showing of wrongful intent to find actual fraud. *In re Miller*, 39 F.3d 301, 305 (11th Cir. 1994); *see also Farmers & Merchants State Bank v. Perry (In re Perry)*, 448 B.R. 219, 226 (Bankr. N.D. Ohio 2011) ("'[W]illful blindness' does not provide a defense to an action brought under § 523(a)(2)(A) and may instead be used as a factor indicative of fraud."); *see also Mid-South Maint., Inc. v. Burk (In re Burk)*, 583 B.R. 655, 667 (Bankr. N.D. Miss. 2018)("a debtor who recklessly disregards the truth has the requisite wrongful intent for his actions to constitute actual fraud.")

To satisfy the required element of creditor reliance, Plaintiff must prove both actual reliance and justifiable reliance which are determined by two different standards. Actual reliance is the equivalent of causation-in-fact, which is defined as a "substantial factor in determining the course of conduct that results in . . . loss." *AT & T Universal Card Services v. Mercer (In re Mercer)*, 246 F.3d 391, 403 (5th Cir. 2001) (emphasis removed). This level of reliance "requires little of the creditor." *Id.* In the case of loan

fraud, "an issuer usually will be able to establish actual reliance by showing it would not have approved the loan in the absence of debtor's promise." *Id.* at 411

Justifiable reliance, described as "an intermediate level of reliance," is a subjective standard that is more relaxed than the objective reasonable reliance standard. *Field v. Mans*, 516 U.S. 59, 74 (1995). Despite this, reasonableness is still a consideration because "the greater the distance between the reliance claimed and the limits of the reasonable, the greater the doubt about reliance in fact." *Id.* at 76. The promisee is not, however, required to investigate even if an investigation would reveal the falsity of the promisor's representation unless the falsity is "readily apparent or obvious or there are 'red flags' indicating such reliance is unwarranted." *In re Hurst*, 337 B.R. 125, 133-34 (Bankr. N.D. Tex. 2005).

Finally, the creditor must establish that its loss sustained is the "proximate result" or legal cause of the debtor's representation. *State of Texas v. Am. Tobacco Co.*, 14 F. Supp. 2d 956, 967 (E.D. Tex. 1997). Proximate cause is "largely a question of foreseeability." *First Nat'l Bank of Omaha v. O'Brien (In re O'Brien)*, 555 B.R. 771, 782-783 (Bankr. D. Kan. 2016). Reliance on the debtor's representation is a proximate cause of the creditor's loss "if the evidence shows that the loss was a reasonably foreseeable consequence of the plaintiff's reliance." *Am. Tobacco Co.*, 14 F. Supp. 2d at 967.

-16-

Plaintiff argues Defendant's alleged debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) because the state court final judgment resulted from a summary judgment motion reliant on facts admitted under Illinois law.  Plaintiff further argues Defendant is precluded from relitigating the admissions and other facts on which the Illinois judgment was based.  Defendant responds that "there is no way to discern whether the Final Judgment was for Breach of Contract, a dischargeable claim, or for something else which might be non-dischargeable."[24]  Plaintiff replies that Defendant relies on unpublished cases not involving Illinois law.[25]

After reviewing the final judgment, the Court finds it ambiguous regarding the type and nature of the violation found to have occurred.  There are no specific findings of fraud in the final judgment from the Illinois State Court Lawsuit.  This ambiguity makes it impossible for this Court to determine issues of dischargeability under the evidence submitted.  The Court finds summary judgment on Plaintiff's cause of action under 11 U.S.C. § 523(a)(2)(A) should be denied.

### C.    11 U.S.C. § 523(a)(4): Fraud or Defalcation in a Fiduciary Capacity, or Embezzlement

Plaintiff last contends Defendant is liable for damages excepted from discharge because of fraud or defalcation while acting in a fiduciary capacity, or for embezzlement.

---

[24] Resp., ECF No. 21.

[25] Reply, ECF No. 25.

-17-

11 U.S.C. § 523(a)(4) excepts a debt from discharge if it was incurred "for fraud or

defalcation while acting in a fiduciary capacity, embezzlement, or larceny."  11 U.S.C. §

523(a)(4).  Embezzlement is the "fraudulent appropriation of property by a person to

whom such property has been entrusted, or into whose hands it has lawfully come."

*Miller v. J.D. Abrams Incorporated (In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998).

Plaintiff can establish embezzlement for purposes of 523(a)(4) by proving that (1)

Defendant appropriated funds, (2) the appropriation was for the Defendant's use or

benefit, and (3) Defendant appropriated the money with fraudulent intent.  *Smith v.*

*Hayden (In re Hayden)*, 248 B.R. 519, 525 (Bankr. N.D. Tex. 2000); *In re Mejorado*, 605

B.R. 116, 123 (Bankr. N.D. Tex. 2019).

To succeed on a claim of breach of fiduciary duty under *§ 523(a)(4)*, Plaintiff must

establish the existence of a fiduciary duty in accord with precedent.  *In re Bhai*, 2017 WL

6541131, at *7 (Bankr. E.D. Tex. Dec. 21, 2017).  The Fifth Circuit has noted that "this

discharge exception was intended to reach those debts incurred through abuses of

fiduciary positions and through active misconduct whereby a debtor has deprived others

of their property by criminal acts; both classes of conduct involve debts arising from the

debtor's acquisition or use of property that is not the debtor's." *Miller,* 156 F.3d at 602.  A

relationship is "fiduciary for the purposes of the bankruptcy code when statutory or

common law imposes trust-like duties, such as the duty a corporate officer owes to a

corporation." *Harwood v. FNFS, Ltd. (In re Harwood)*, 427 B.R. 392, 396 (E.D. Tex.

-18-

2010) (citing *LSP P'ship v. Bennett (In re Bennett),* 989 F.2d 779, 784-85 (5th Cir.1993)),

*aff'd*, 637 F.3d 615 (5th Cir. 2011).  Whether the actions of an individual were taken in a

fiduciary capacity for the purposes of § 523(a)(4) is determined by federal law. *FNFS,*

*Ltd. v. Harwood (In re Harwood)*, 637 F.3d 615, 620 (5th Cir. 2011).  However, "state

law is important in determining whether or not a trust obligation exists." *Gupta v. Eastern*

*Idaho Tumor Institute, Inc. (In re Gupta)*, 394 F.3d 347, 350 (5th Cir. 2004).  The Fifth

Circuit has discussed the concept of a fiduciary under § 523(a)(4) in the following terms:

> [T]he concept of fiduciary under § 523(a)(4) is narrower than it is under
> general common law. Under § 523(a)(4), "fiduciary" is limited to instances
> involving express or technical trusts. The purported trustee's duties must,
> therefore, arise independent of any contractual obligation. The trustee's
> obligations, moreover, must have been imposed prior to, rather than by
> virtue of, any claimed misappropriation or wrong. Constructive trusts or
> trusts ex malificio thus also fall short of the requirements of § 523(a)(4).

*Texas Lottery Comm'n v. Tran (In re Tran)*, 151 F.3d 339, 342–43 (5th Cir. 1998).  Thus,

the trust relationship must exist prior to the creation of, and without reference to, the

indebtedness in question. *Angelle v. Reed (In re Angelle)*, 610 F.2d 1335, 1338 (5th Cir.

1980).  The fiduciary capacity requirement applies only to fraud or defalcation, not

embezzlement or larceny. *See Miller v. J. D. Abrams, Inc. (In re Miller)*, 156 F.3d 598,

602 (5th Cir. 1998), *cert. denied*, 526 U.S. 1016 (1999).  A "debt may still fall within the

exception to discharge of § 523(a)(4) in the absence of a fiduciary relationship if

Defendants are found to have embezzled the funds or committed larceny." *Tulsa Spine*

-19-

*Hospital, LLC v. Tucker (In re Tucker)*, 346 B.P. 844, 852 (Bankr. E.D. Okla. 2006) (citations omitted).

Demonstrating fraud under § 523(a)(4) requires "positive fraud, or fraud in fact, involving moral turpitude or intentional wrong." *See Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273, 275 (2013) (citations and internal marks omitted). Defalcation also requires an intentional wrong, but it can be satisfied merely by "knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Id.* at 269; *see also Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 184 (5th Cir. 1997) (defining "defalcation as 'a willful neglect of duty, even if not accompanied by fraud or embezzlement.'") (citations omitted).

The summary judgment evidence submitted, read in the light most favorable to Defendant, is insufficient for a finding of breach of fiduciary duty or embezzlement under § 523(a)(4). Again, the final judgment does not make any specific findings of fraud or embezzlement to support a conclusion based on collateral estoppel. The Court finds genuine issues of fact remain in this case regarding Plaintiff's breach of fiduciary duty and embezzlement causes of action. Therefore, the Court finds summary judgment on Plaintiff's causes of action under 11 U.S.C. § 523(a)(4) should be denied.

-20-

## V. Issues Precluded from Re-Litigation

For the foregoing reasons, the Plaintiff's requested judgment in its favor as a matter of law must be denied. Nevertheless certain facts relevant to the issues before the Court have been established in this proceeding under the guidelines of Local District Court Rule CV-56, as incorporated by Local Rule of Bankruptcy Procedure 7056(d).[26] These facts will not be re-litigated at the trial for this adversary proceeding.

1.   Plaintiff, EBE, Inc., is an Iowa corporation with its principal place of business in East Moline, Rock Island County, Illinois.

2.   On October 1, 2017, EBE employed Steven Wilhelms as Executive Vice President of Safety and Risk Management Services.

3.   On September 17, 2018, the parties executed a new employment agreement which increased Defendant's salary from $100,000 to $150,000. The position offered was both Vice President of Safety and Risk Management Servicesas before, and also Executive Vice President and Chief Operating Officer of InfoStream Solutions.

4.   InfoStream Solutions was created as a new division of EBE to provide risk and safety services.

---

[26] Local District Court Rule CV-56 directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to proper summary judgment evidence." It directs a respondent that any response "should be supported by appropriate citations to proper summary judgment evidence." With regard to the disposition of the motion, the rule states:

> (c) **Ruling**. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to support such a challenge by references to proper summary judgment evidence, results in the facts as claimed and supported by admissible evidence by the movant "admitted to exist without controversy." E.D. Tex. Local R. CV–56(c).

5.      On June 30, 2020, EBE filed a lawsuit in Illinois State Court (Case No.:
        2020 CH 108) for breach of contract, breach of fiduciary duty, tortious
        interference with business expectancy, violation of the Illinois Deceptive
        Trade Practices Act, and injunctive relief (the "the Illinois State Court
        Lawsuit").

6.      Defendant was *pro se* in the Illinois State Court Lawsuit.

7.      On December 15, 2020, Defendant filed an answer.

8.      On January 20, 2021, EBE served "Requests to Admit" upon Defendant.

9.      On February 18, 2021, Defendant emailed an unsworn document to EBE's
        counsel.

10.     On May 11, 2021, EBE filed a "Motion for Summary Judgment and to
        Deem Facts Admitted."  In that motion, EBE argued that, under Illinois law,
        unsworn responses are similar to no response at all, and the failure to
        respond results in the facts in the requests being deemed judicial
        admissions.

11.     On December 2, 2021, the Illinois State Court held a hearing.

12.     On January 25, 2022, the Illinois State Court entered a final judgment
        against Defendant.

13.     On January 5, 2023, Defendant filed a voluntary petition for relief under
        Chapter 7 of the United States Bankruptcy Code in the Eastern District of
        Texas.

14.     On March 28, 2023, Plaintiff filed Adv. No. 23-4023 against Defendant.

15.     Plaintiff amended its complaint on May 17, 2023.

16.     On May 23, 2023, Defendant answer the amended complaint.

17.     On January 8, 2024, Plaintiff filed its "Motion for Summary Judgment With
        Brief in Support and Notice of Opportunity for Hearing."

18.     On January 25, 2024, Defendant filed his "Response" to Plaintiff's
        summary judgment motion.

19.     On February 19, 2024, Plaintiff filed a reply in support of the summary
        judgment motion.

## VI. Conclusion

Based upon the Court's consideration of the pleadings, the proper summary judgment evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the "Motion for Summary Judgment With Brief in Support and Notice of Opportunity for Hearing" filed by Plaintiff, EBE, Inc. should be denied.  Plaintiff failed to demonstrate its entitlement to judgment as a matter of law regarding the dischargeability issues raised under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) in its "Amended Complaint."[27]  Therefore, these claims must be determined through a trial on the merits.

Numerous factual issues, however, have been established through summary judgment evidence tendered to the Court.  Because the Court has not granted the relief sought by Plaintiff's Motion, it is appropriate to state the material facts that are not genuinely in dispute pursuant to Fed. R. Civ. P. 56(g).  These established facts as set forth in this Memorandum shall not be re-litigated at the trial for this adversary proceeding.  An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 3/3/2025

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

[27]  Am. Compl., ECF No. 8.

-23-